# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CR-17-0295-F |
| | ) |
| LOZARO LEON BETANCOURT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Lozaro Leon Betancourt has sent a letter to the court, docketed on June 30, 2020.  Doc. no. 264.  The letter is construed as a motion for a reduction in Mr. Betancourt's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), seeking a compassionate release based on Mr. Betancourt's "health history" and COVID-19. The United States has not responded, but no response is necessary in order for the court to address the motion.

The First Step Act, effective December 18, 2018, amended 18 U.S.C. § 3582(c) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i); *see*, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, at 5239.  (Prior to the Act, only the Director of the Bureau of Prisons was authorized to bring such a motion.) However, a defendant is only authorized to bring a motion for sentence reduction for extraordinary and compelling reasons after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*.

This court, like a number of district courts, has determined that the exhaustion and 30-day requirement is jurisdictional, and that the court may not waive compliance by a defendant seeking compassionate release even under the exigent circumstances presented by COVID-19.  *See*, United States v. Heffel, No. CR-16-174-F, Order filed April 24, 2020 (doc. no. 42) (citing United States v. Gonzalez, 2020 WL 1905071, at *1 (D. Colo. Apr. 17, 2020); United States v. Read-Forbes, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020); United States v. Soto, 2020 WL 1875147, at *1 (D. Colo. Apr. 15, 2020); United States v. Boyles, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020);  United States v. Perry, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); and United States v. Keith, 2019 WL 6617403 at *2 (W.D. Okla. Dec. 5, 2019)).

Mr. Betancourt's motion does not demonstrate that he has complied with the exhaustion of administrative remedies requirement or the thirty-day requirement. As a result, the court lacks jurisdiction to grant him a sentence reduction under §3582(c)(1)(A)(i), and dismissal of his motion, without prejudice, is required.  *See*, United States v. White, 765 F.3d 1240, 1250 (10th Cir. 2014); United States v. Graham, 704 F3d 1275, 1279 (10th Cir. 2013).[1]

---

[1] The Sixth Circuit recently ruled that a defendant's failure to wait the requisite thirty days before filing a motion for compassionate release is not a jurisdictional bar but is, instead, a failure to satisfy a mandatory claim-processing rule.  United States v. Alam, 960 F.3d 831 (6th Cir. 2020). On that ground, Alam affirmed the district court's dismissal without prejudice of defendant's motion.  Whether Mr. Betancourt's motion is best understood as failing for lack of jurisdiction or because he did not comply with a mandatory claim-processing rule, the result (dismissal without prejudice) is the same.

3

After careful consideration, Mr. Betancourt's motion for reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), seeking a compassionate release due to his health history and COVID-19, is **DISMISSED** without prejudice.

IT IS SO ORDERED this 2nd day of July, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0295p039 (Betancourt).docx